# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WILSON DIVISION

IN RE:

**MCKINLEY LITTLE and**
**SHELLIE LITTLE,**

      Debtors.                                                                 Case No. 05-10518-8-JRL
                                                                                                                                                                   Chapter 13

## ORDER

On February 10, 2006, the debtors filed a motion seeking to avoid the lien of American General, pursuant to 11 U.S.C. § 522(f)(2), because it impairs the debtors' right to exemptions in the following property: (1) a 31" GE television; (2) a 52" Samsung television; (3) a Gateway home computer; and (4) a John Deere riding lawn mower. The debtor contends that the property constitutes household goods. American General did not file a response to the motion.

Section 522(f)(1)(B), in pertinent part, states:

> . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (B) a nonpossessory, nonpurchase-money security interest in any—
> (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
> (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
> (iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

11 U.S.C. § 522(f)(1)(B). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) added the following itemized list of what constitutes "household goods" for purposes of lien

1

avoidance:

>(i) clothing;
>(ii) furniture;
>(iii) appliances;
>(iv) 1 radio;
>(v) 1 television;
>(vi) 1 VCR;
>(vii) linens;
>(viii) china;
>(ix) crockery;
>(x) kitchenware;
>(xi) educational materials and educational equipment primarily for the use of minor dependent children of the debtor;
>(xii) medical equipment and supplies;
>(xiii) furniture exclusively for the use of minor children, or elderly or disabled dependents of the debtor;
>(xiv) personal effects (including the toys and hobby equipment of minor dependent children and wedding rings) of the debtor and the dependents of the debtor; and
>(xv) 1 personal computer and related equipment.

11 U.S.C. § 522(f)(4)(A). Moreover, § 522(f)(4)(B) specifically states that the following are not household goods:

>(i) works of art (unless by or of the debtor, or any relative of the debtor);
>(ii) electronic entertainment equipment with a fair market value of more than $500.00 in the aggregate (except 1 television, 1 radio, and 1 VCR);
>(iii) items acquired as antiques with a fair market value of more than $500.00 in the aggregate;
>(iv) jewelry with a fair market value of more than $500 in the aggregate (except wedding rings); and
>(v) a computer (except as otherwise provided for in this section), motor vehicle (including a tractor or lawn tractor), boat, or a motorized recreational device, conveyance, vehicle, watercraft, or aircraft.

11 U.S.C. § 522(f)(4)(B). The debtors may avoid the lien on the Gateway home computer, as a home computer is listed as a household good. The debtors want to avoid the lien on two televisions. Even though the itemized list of households goods only includes "1 television," this case involves two debtors. Therefore,

the court will allow the debtors to avoid the lien on both televisions.

Lastly, the court must consider whether the debtors may avoid American General's lien on the John Deere riding lawn mower. Clearly excluded from the list of household goods is a "motor vehicle (including a tractor or lawn tractor)." 11 U.S.C. § 522(f)(4)(B). There is no further definition of "motor vehicle" or "lawn tractor." At first glance, it would appear that a riding lawn mower and a lawn tractor are synonymous; however, the terms are actually distinguishable. A lawn mower "is a type of mower, used to cut grass to an even length on a smaller scale." Mowers and Tractors, http://www.mowersandtractors.com (last visited Mar. 8, 2006). Whereas, "a tractor (from Latin *trahere* 'to pull') is a device intended for drawing, towing, or pulling something which cannot propel itself and, often, powering it too." Id. Similarly, the Merriam-Webster Online Dictionary defines lawn mower as "a machine for cutting grass or lawns." Merriam-Webster Online Dictionary, http://www.m-w.com (last visited Mar. 8, 2006). While Merriam-Webster has no definition for lawn tractor, "tractor" is defined as: "a 4-wheeled or tracklaying automotive vehicle used especially for drawing farm equipment;" "a smaller 2-wheeled apparatus controlled through handlebars by a walking operator;" a "truck;" or "an airplane having the propeller forward of the main supporting surfaces." Id. The John Deere website advertises riding lawn mowers and lawn tractors in separate categories. The court finds that a riding lawn mower cannot be excluded from "household goods" for being a "lawn tractor" or a "tractor."

The next issue is whether a riding lawn mower may be categorized as a motor vehicle. In addressing the definition of "motor vehicle" under § 523(a)(9) of the Bankruptcy Code, the Fifth Circuit stated that a definition that would encompass "motorized wheelchairs, golf carts, riding lawn mowers, and perhaps even children's toys" was overly broad because it was not consistent with the Supreme Court's

3

view that, when interpreting the Bankruptcy Code, a court should "discern the 'natural reading' of the language in question." Matter of Greenway, 71 F.3d 1177, 1180, n.7 (5th Cir. 1996)(quoting U.S. v. Ron Pair Enter., Inc., 489 U.S. 235, 241 (1989)). Pursuant to North Carolina statutory law, "motor vehicle" is defined as "[e]very vehicle which is self-propelled and every vehicle designed to run upon the highways which is pulled by a self-propelled vehicle . . ." N.C. Gen. Stat. § 20-4.01(23). Merriam-Webster defines "motor vehicle" as "an automotive vehicle not operated on rails; *especially*: one with rubber tires for use on highways." Merriam-Webster Online Dictionary, http://www.m-w.com (last visited Mar. 8, 2006). The North Carolina Court of Appeals has concluded that the common ordinary meaning as well as the North Carolina statutory definition of motor vehicle under § 20-4.01(3) contemplate "suitability for highway use." State Auto. Mut. Ins. Co. v. Hoyle, 106 N.C.App. 199, 203, 415 S.E2d 764, 766 (N.C. Ct. App. 1992). In Hoyle, the court held that a go-cart was not a motor vehicle within the ordinary meaning of the term, as it is not designed for public highway use and not subject to North Carolina motor vehicle laws, including registration. Id. at 766. The same can be said for a riding lawn mower, which is not designed for the highway and does not have to be registered pursuant to North Carolina motor vehicle laws. In Lee by Schlosser v. Mowett Sales Co., Inc., 76 N.C.App. 556, 558, 334 S.E.2d 250, 252 (N.C. Ct. App. 1985), the North Carolina Court of Appeals concluded that a riding lawn mower was not a motor vehicle for purposes of N.C. Gen. Stat. § 1-539.21 regarding abolition of parent-child immunity in motor vehicle cases. This court finds that a riding lawn mower cannot be excluded from "household goods" for being a "motor vehicle."

     The court also finds that the riding lawn mower is not a "vehicle," "conveyance," or "motorized recreational device." The Code does not define "vehicle," but the North Carolina statutory definition

4

includes "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices moved by human power or used exclusively upon fixed rails or tracks . . ." N.C. Gen. § 20-4.01(49). Like the definition of motor vehicle, the definition of vehicle contemplates highway use. Again, the Code does not define "conveyance" or "motorized recreational device" and there are no relevant North Carolina statutory definitions. Merriam-Webster defines "conveyance," in pertinent part, as "a means of transport: vehicle." Merriam-Webster Online Dictionary, http://www.m-w.com (last visited Mar. 8, 2006). Clearly, the purpose of the riding lawn mower is not for transportation. Moreover, the very term "motorized recreational device" contemplates use for recreational activity, and a riding lawn mower is not intended for recreation/entertainment. There are no other plausible categories for exclusion under § 522(f)(4)(B).

Prior to the passage of BAPCPA, the Fourth Circuit defined "household goods" within the meaning of the lien avoidance provisions as "those items of personal property that are typically found in or around the home and used by the debtor or his dependents to support and facilitate day-to-day living within the home, including maintenance and upkeep of the home itself." McGreevy v. ITT Financial Services (In re McGreevy), 955 F.2d 957, 961-62 (4th Cir. 1992). It stated that there must be a "functional nexus between the good and the household." Id. at 961. Courts adopting a similar line of reasoning have found that a lawn mower is a household good for purposes of lien avoidance. In re Nash, No. 97-70956, 1997 WL 33479210 at *2 (Bankr. C.D. Ill. Jun. 17, 1997)(holding that a lawn mower is a household good because it constitutes the type of good that is "reasonably essential to the functioning, preservation and maintenance of a typical household."); In re French, 177 B.R. 568, 576 (Bankr. E.D. Tenn. 1995); In re Reidenouer, No. 95-82111, 1996 WL 33401343 *1 (Bankr. C.D. Ill. Jan. 12,

1996)(holding that a power mower and a lawn edger are household goods because they are used for "maintenance and upkeep of the home itself").

Now, with the passage of BAPCPA, the categories of household goods are specified in § 522(f)(4)(A). The only potential category that a riding lawn mower could fall under is "appliances." Again, the Code provides no definition for that term and there is no relevant North Carolina statutory definition. The common definition of appliance is: "a piece of equipment for adapting a tool or machine to a special purpose" or "an instrument or device designed for a particular use; *specifically*: a household or office device (as a stove, fan, or refrigerator) operated by gas or electric current." Merriam-Webster Online, http://www.m-w.com (last visited Mar. 8, 2006). The court finds that a riding lawn mower, which operates on fuel and is designed for the specific purpose of cutting grass, fits into this definition. Therefore, the debtors may avoid American General's lien on the riding lawn mower as a household good under the category of appliances. If Congress intended to exclude a riding lawn mower from "household goods," it should have specified such intent under § 522(f)(4)(B).

Based on the foregoing, the court grants the debtors' motion to avoid American General's lien on the 31" GE television, the 52" Samsung television, the Gateway home computer, and the John Deere riding lawn mower.

**So Ordered.**
**Dated:  March 10, 2006**

J. Rich Leonard
United States Bankruptcy Judge

6